John A. Kasel, appellee, v. Union Pacific
Railroad Company, appellant, and
Liberty Mutual Insurance Company,
intervenor-appellee.

___ N.W.2d ___

Filed June 26, 2015.    No. S-14-563.

1. **Contracts: Judgments: Appeal and Error.** The meaning of an unambiguous contract is a question of law, in connection with which an appellate court has an obligation to reach a conclusion independently of the determination made by the court below.
2. **Contracts: Assignments.** An assignee of contractual rights stands in the shoes of the assignor and is bound by the terms of the contract to the same extent as the assignor.
3. ____: ____. An assignment does not affect or change any of the provisions of the contract.
4. **Contracts: Words and Phrases.** A contract is ambiguous when a word, phrase, or provision in the contract has, or is susceptible of, at least two reasonable but conflicting interpretations or meanings.
5. **Contracts.** If the terms of a contract are clear, a court may not resort to rules of construction.
6. ____. The court must accord clear terms of a contract their plain and ordinary meaning as an ordinary or reasonable person would understand them.
7. ____. The fact that the parties suggest opposing meanings of a disputed instrument does not compel the conclusion that the instrument is ambiguous.

Appeal from the District Court for Scotts Bluff County: Randall L. Lippstreu, Judge. Affirmed.

Walter J. Downing, of Hall & Evans, L.L.C., for appellant.

Andrew W. Snyder, of Chaloupka, Holyoke, Snyder, Chaloupka, Longoria & Kishiyama, P.C., L.L.O., for appellee.

HEAVICAN, C.J., WRIGHT, CONNOLLY, STEPHAN, McCORMACK, MILLER-LERMAN, and CASSEL, JJ.

CONNOLLY, J.

## SUMMARY

John A. Kasel sustained injuries at a motel while he was an employee of Union Pacific Railroad Company (Union Pacific). Kasel sued Union Pacific and the motel. After the parties settled, Union Pacific asserted a contractual right of subrogation to the extent of medical payments made on Kasel's behalf by a third-party administrator. The contract in question created a lien or right of reimbursement if a third party is liable, but not if Union Pacific is liable. The court held that Union Pacific did not have a lien or right of reimbursement because it was party to the settlement. We also conclude that Union Pacific is a liable party under the settlement. We therefore affirm.

## BACKGROUND

### PARTIES

Kasel, an engineer, stayed at an Oak Tree Inn in Wyoming, while on duty for Union Pacific in October 2009. Union Pacific contracted with Oak Tree Inn to provide overnight lodging for its employees. Kasel sustained injuries when the bottom of the bathtub in his room gave way.

In January 2010, Kasel sued Union Pacific and Oak Tree Inn. Count I of the complaint alleged that Union Pacific was negligent and liable for his injuries under the Federal Employers' Liability Act (FELA). Count II alleged that Oak Tree Inn negligently failed to provide a reasonably safe premises, warn of hidden dangers, and inspect for defects.

Liberty Mutual Insurance Company (Liberty Mutual) accepted tenders of defense from both Union Pacific and Oak

Tree Inn. Liberty Mutual issued insurance policies to Oak Tree Inn, and Oak Tree Inn had executed an indemnity agreement with Union Pacific. Counsel hired by Liberty Mutual represented both defendants.

The Union Pacific Railroad Employes Health Systems (UPREHS) paid some medical expenses on behalf of Kasel. UPREHS was the third-party administrator for on-duty injuries to active Union Pacific employees. UPREHS is not a subsidiary of Union Pacific.

During the period relevant to this case, UPREHS' "Challenger Health Plan" applied to Kasel. Article XI of the Plan—titled "SUBROGATION"—provides:

a) In consideration of treatment or payment for treatment of a Member by UPREHS, said Member assigns, transfers and subrogates to UPREHS, to the extent of all expenditures made in behalf of said Member by UPREHS, all rights, claims, interest and rights of action that the Member may have against any party, person, firm or corporation that may be liable for the loss except . . . Union Pacific . . . and its affiliated and subsidiary companies. Said UPREHS Member authorizes UPREHS to sue, compromise or settle in the Member's name and UPREHS is fully substituted for the Member and subrogated to all of the Member's rights to the extent of all expenditures made in behalf of said Member. . . .

b) In the event a Member elects to pursue a suit, claim or right of action against any party, person, firm, or corporation that may be liable for loss, except . . . Union Pacific . . . , with respect to on-duty injuries, UPREHS is entitled to full reimbursement to the extent of all benefits it pays out of any proceeds, settlement, or verdict recovered by the Member. In all such cases, UPREHS shall have a lien against any recovery and expects and is entitled to be reimbursed in full in the amount of all benefits it pays, without any reduction for costs or attorney's fees. This subparagraph shall not in any way limit

or impair UPREHS' right to independently recover such expenditure as set forth in subparagraph (a) above.

In March 2012, 2 days before the start of trial, Kasel's attorney and an attorney representing Union Pacific and Oak Tree Inn reached a tentative agreement to settle Kasel's claims.

In May 2012, Kasel and his wife signed a "Release of All Claims" (Release), early drafts of which "originated" from Union Pacific. The Release provided: "For the sole gross consideration of Four Million Dollars . . . to be paid on behalf of **DEFENDANTS** to **CLAIMANTS**, **CLAIMANTS** releases [sic] any and all **CLAIMS** against **RELEASEES** arising out of . . . **KASEL'S** employment with **UNION PACIFIC** . . . ." The Release defined "**DEFENDANTS**" as Union Pacific and Oak Tree Inn; defined "**RELEASEES**" as Union Pacific, Oak Tree Inn, and Liberty Mutual; and defined "**CLAIMANTS**" as Kasel and his wife. The "**CLAIMS**" subject to the Release include not only those arising from Kasel's October 2009 injuries, but all claims arising out of Kasel's employment with Union Pacific. For example, Kasel expressly waived any wage claims under collective bargaining agreements and claims for unlawful discrimination under federal law. In addition to dismissing his lawsuit, Kasel agreed to resign from active service with Union Pacific and to never again seek employment with the railroad.

## Procedural Background

After Kasel and his wife signed the Release, a disagreement arose about Union Pacific's subrogation rights. The court sustained Liberty Mutual's motion to interplead $300,000 to the clerk of court. The court later released $129,736.70 of the interpleader fund to Kasel after the parties stipulated that Union Pacific sought only $170,263.30.

Union Pacific and UPREHS jointly filed a notice of claims to the interpleader fund. In their "Claim for Subrogation," they alleged that the "moment UPREHS began paying medical

bills on behalf of [Kasel], [Kasel] assigned the right of subrogation to UPREHS to pursue any claims against any third party," and that "UPREHS assigned to Union Pacific the right of subrogation that [Kasel] assigned to UPREHS." In their second and third claims, Union Pacific and UPREHS alternatively asserted that UPREHS had a lien against the settlement that it did or did not assign to Union Pacific.

In May 2014, the court released the remaining $170,263.30 to Kasel. The court reasoned that the settlement was just as much on Union Pacific's behalf as it was on behalf of Oak Tree Inn: "Liberty Mutual did not pay four million dollars to settle only Kasel's claims against Oak Tree Inn. It was paid to settle all Kasel's claims against both [Union Pacific] and Oak Tree Inn." The court emphasized the unity of Union Pacific's and Oak Tree Inn's fortunes:

> [D]uring the course of this lawsuit [Union Pacific] and Oak Tree Inn were represented by the same attorney or attorneys . . . . From the time that Kasel filed his Complaint until the time the case was settled Kasel's claim was against both Oak Tree Inn and [Union Pacific]. The parties' eventual "Release of All Claims" was a global release wherein Kasel and his wife released all claims against [Union Pacific] and Oak Tree Inn (and its insurer) "arising out of [Kasel's] employment with Union Pacific . . . ."

Union Pacific appealed. The Court of Appeals sustained Oak Tree Inn's motion to be excused from the appeal.

## ASSIGNMENT OF ERROR

Union Pacific assigns that the court erred by "holding that UPREHS did not have a valid subrogation interest in Kasel's settlement with Union Pacific and Oak Tree Inn and in holding that as a result neither Union Pacific nor UPREHS had a valid lien, right of subrogation or right of reimbursement against the interpleaded funds."

## STANDARD OF REVIEW

[1] The meaning of an unambiguous contract is a question of law, in connection with which an appellate court has an obligation to reach a conclusion independently of the determination made by the court below.[1]

## ANALYSIS

Union Pacific argues that "[b]ecause Kasel sued a responsible third party . . . ," it has a lien against the settlement funds.[2] Union Pacific's in-house counsel conceded that Kasel could have sued only Union Pacific and that, if Kasel had done so, "there's no UPREHS lien." But, according to Union Pacific, once Kasel sued a third party, the railroad was entitled to recover medical expenses paid by UPREHS whether or not Union Pacific was also liable.

[2,3] We note that Union Pacific is not asserting a subrogation interest arising from a relationship between itself and Kasel. Instead, Union Pacific argues that UPREHS assigned to it certain contractual subrogation rights. As an assignee, Union Pacific stands in the shoes of its assignor and is bound by the terms of the contract to the same extent as UPREHS.[3] An assignment does not affect or change any of the provisions of the contract.[4] If the assignor could not have maintained an action based on the contract, neither can the assignee.[5]

The contractual provision in question is article XI of the Challenger Health Plan. There, Kasel generally transferred to UPREHS his remedies against third parties in the amount that UPREHS paid medical expenses on his behalf. In paragraph (a),

---

[1] *Weber v. North Loup River Pub. Power*, 288 Neb. 959, 854 N.W.2d 263 (2014).

[2] Brief for appellant at 11.

[3] See *Spanish Oaks v. Hy-Vee*, 265 Neb. 133, 655 N.W.2d 390 (2003).

[4] *Hansen v. E. L. Bruce Co.*, 162 Neb. 759, 77 N.W.2d 458 (1956).

[5] *Id.*

Kasel "authorize[d] UPREHS to sue, compromise or settle in [Kasel's] name." In paragraph (b), Kasel recognized UPREHS' right to assert a lien or right to reimbursement against any settlement Kasel reached with "any party, person, firm, or corporation that may be liable for loss, except . . . Union Pacific . . . , with respect to on-duty injuries." This appeal involves the interpretation of paragraph (b).

[4-7] In interpreting a contract, a court must first determine, as a matter of law, whether the contract is ambiguous.[6] A contract is ambiguous when a word, phrase, or provision in the contract has, or is susceptible of, at least two reasonable but conflicting interpretations or meanings.[7] If the terms of a contract are clear, a court may not resort to rules of construction.[8] The court must accord clear terms their plain and ordinary meaning as an ordinary or reasonable person would understand them.[9] The fact that the parties suggest opposing meanings of a disputed instrument does not compel the conclusion that the instrument is ambiguous.[10]

We conclude that Union Pacific does not have a lien or right of reimbursement under the unambiguous terms of the Challenger Health Plan. The railroad argues that "Liberty Mutual on behalf of Oak Tree Inn, a third party, funded the settlement; Union Pacific did not."[11] But Kasel sued Union Pacific in addition to Oak Tree Inn. Liberty Mutual accepted tenders of defense from both Union Pacific and Oak Tree Inn. The attorney hired by Liberty Mutual represented both Union Pacific and Oak Tree Inn. And Liberty Mutual funded the settlement on behalf of the "**DEFENDANTS**," defined as

---

[6] *Gibbons Ranches v. Bailey*, 289 Neb. 949, 857 N.W.2d 808 (2015).

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] *Id.*

[11] Reply brief for appellant at 3.

Union Pacific and Oak Tree Inn, in order to relieve both parties of their potential liability to Kasel. Union Pacific's argument that the settlement was on behalf of Oak Tree Inn only is simply inaccurate.

In fact, the Release benefits Union Pacific in ways that it does not benefit Oak Tree Inn. Kasel waived potential claims against Union Pacific that are wholly unrelated to the incident at the Wyoming motel. For example, Kasel waived employment discrimination claims and claims for unpaid wages. The surrender of these rights benefited only Union Pacific. The railroad was at least an equal party to the Release.

Union Pacific argues that the trial court's interpretation of article XI "circumvent[ed] FELA law,"[12] citing our decision in *Strasburg v. Union Pacific RR. Co.*[13] There, a railroad employee filed separate lawsuits against Union Pacific and a third-party manufacturer. The employee settled his claims against the manufacturer and obtained a judgment against Union Pacific. The trial court sustained Union Pacific's motion for a setoff against the verdict for the amount of the employee's medical expenses that UPREHS paid. But the court declined to give Union Pacific a setoff for the difference between the amount that medical providers initially billed and what UPREHS actually paid (the "'writeoff amount'").[14]

Union Pacific appealed in *Strasburg*, assigning that the court erred by not including the writeoff amount in the medical expense setoff. We noted that UPREHS assigned its subrogation rights to Union Pacific, but we did not discuss the source of UPREHS' subrogation rights in any detail. Furthermore, the employee did not cross-appeal and did not dispute that Union Pacific had a lien for the amount that

---

[12] Brief for appellant at 13.

[13] *Strasburg v. Union Pacific RR. Co.*, 286 Neb. 743, 839 N.W.2d 273 (2013).

[14] *Id.* at 747, 839 N.W.2d at 277.

UPREHS actually paid. And, unlike the instant case, the employee separately sued and recovered from the railroad and a third-party tort-feasor. For these reasons, *Strasburg* does not mean that Union Pacific is entitled to a lien or right of reimbursement in this case.

## CONCLUSION

Under the unambiguous terms of the contract, Union Pacific does not have a lien or right of reimbursement. We therefore affirm the order releasing the remainder of the interpleader fund to Kasel.

AFFIRMED.